IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VICTOR L. CONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 317-067 |
| ) | |
| LAURENS COUNTY SHERIFF ) | |
| DEPARTMENT; DANIEL LAMPP, Deputy ) | |
| Sheriff; STEVEN CADY, Deputy Sheriff; ) | |
| SHERRY MANGUM, Deputy Sheriff; ) | |
| WILSON BUSH, Deputy Sheriff; and ) | |
| DEIDRE BYRD, Investigator, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Georgia Diagnostic & Classification State Prison in Jackson, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Laurens County, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names as Defendants (1) Laurens County Sheriff Department; (2) Daniel Lampp; (3) Wilson Bush; (4) Deidre Byrd; (5) Steven Cady; and (6) Sherry Mangum. (Doc.

no. 7, pp. 2-5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 29, 2015 at approximately 3:30 p.m., Plaintiff was a passenger in Christopher Smith's vehicle, which Laurens County Sheriff deputies stopped on S. Washington St. in front of RAWL's. (Id. at 7-8.) During the stop, Smith admitted to smoking marijuana and consented to a search of his vehicle. (Id. at 8.) Defendant Lampp searched the vehicle and found "alleged contraband" in the console. (Id.) Despite Smith admitting to Defendant Byrd the contraband was his, Defendant Lampp arrested Plaintiff because he was seated closest to the console. (Id.) After arresting Plaintiff, Defendants Lampp, Byrd, and Cady took Plaintiff to his residence on S. Jefferson St., where they met Defendants Mangum and Bush. (Id.) Defendants conducted a warrantless search of Plaintiff's residence. (Id.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Laurens County Sheriff Department.

Plaintiff's allegations are insufficient to state a claim against Laurens County Sheriff Department, which is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls.

The Georgia Supreme Court has explained: "[I]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted). "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see Bunyon v. Burke Cnty., 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit). Thus, Plaintiff fails to state a claim against Defendant Laurens County Sheriff Department because it is not a legal entity subject to liability in a § 1983 suit.

### 3.  Plaintiff Fails to State a Claim for Injunctive Relief.

Plaintiff requests a "preliminary and permanent injunction" preventing Laurens County Sheriff Department and Defendants from falsely imprisoning and unlawfully arresting people in violation of due process. (Doc. no. 7, p. 11.) Plaintiff's request for injunctive relief is moot. Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 768 (11th Cir.2006) (citation omitted). "The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy." Id. (citation omitted). A case is moot when it no longer presents a live controversy for which the court can provide meaningful relief. Id.

The Supreme Court considered a similar claim for injunctive relief in City of Los

4

Angeles v. Lyons, 461 U.S. 95 (1983). In that case, the plaintiff sought an injunction preventing police officers from using illegal chokeholds while making arrests. Id. at 105. The Court held,

> In order to establish an actual controversy in this case, [plaintiff] would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner.

Id. at 105-06 (emphasis in original). The Court further noted,

> [I]t is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citizen, the police will act unconstitutionally and inflict injury without provocation or legal excuse. And it is surely no more than speculation to assert either that [plaintiff] himself will again be involved in one of those unfortunate instances. . . .

Id. at 108. Similarly here, it would be "mere conjecture to suggest" Laurens County Sheriff deputies falsely imprison and unlawfully arrest every suspect they take into custody. Moreover, it is "speculation" to assume Plaintiff will at some unknown future date be subject to another police encounter, much less a false imprisonment or false arrest. Accordingly, Plaintiff's claims for injunctive relief are moot and ripe for dismissal.

### 4. Plaintiff Fails to State an Official Capacity Claim Against Defendants.

Plaintiff sues Defendants in their individual and official capacities. (Doc. no. 7, pp. 3-5.) However, Plaintiff's allegations are insufficient to state a claim against Defendants in their official capacities because "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). As this Court previously held, "When performing its duty of law enforcement, a

5

[Georgia] sheriff's department is entitled to Eleventh Amendment immunity." Vasquez-Torres v. Richmond Cty. Sheriff's Dept, No. CV 116-020, 2016 WL 8259493, at *5 (S.D. Ga. Dec. 8, 2016), *report and recommendation adopted*, No. CV 116-020, 2017 WL 653543 (S.D. Ga. Feb. 16, 2017) (citation omitted); see also Townsend v. Coffee Cty., Ga., 854 F. Supp. 2d 1345, 1352 (S.D. Ga. 2011) ("Although the present case involves law-enforcement functions of a sheriff's office (investigatory stop and arrest), rather than jail functions, the Manders factors inform the Court's analysis in reaching the same conclusion as the Eleventh Circuit did in Manders: Deputy Grantham was acting as an 'arm of the state' . . . ."). Accordingly, Plaintiff fails to state a claim against Defendants in their official capacities.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Laurens County Sheriff Office, claims for injunctive relief, and official capacity claims against Defendants be **DISMISSED**. In a companion Order, the Court has allowed to proceed Plaintiff's individual capacity claims under § 1983 for violations of the Fourth Amendment, as well as related common law claims for false arrest and imprisonment, against Defendants Lampp, Byrd, Cady, Mangum, and Bush.

SO REPORTED and RECOMMENDED this 19th day of March, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA