IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTOR L. CONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-067 |
| | ) | |
| LAURENS COUNTY SHERIFF | ) | |
| DEPARTMENT; DANIEL LAMPP, Deputy | ) | |
| Sheriff; STEVEN CADY, Deputy Sheriff; | ) | |
| SHERRY MANGUM, Deputy Sheriff; | ) | |
| WILSON BUSH, Deputy Sheriff; and | ) | |
| DEIDRE BYRD, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, currently incarcerated at Georgia Diagnostic & Classification State Prison in Jackson, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Laurens County, Georgia.[1] Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

---

[1] Plaintiff signed his first complaint initiating this action on October 23, 2017. See Coney v. Laurens County Sheriff Dept., et al., CV 417-218, doc. no. 1, p. 7 (S.D. Ga. Nov. 6, 2017). That case was subsequently reassigned to the Dublin Division and combined with the present case. See Coney v. Laurens County Sheriff Dept., et al., CV 317-071, doc. nos. 6, 7 (S.D. Ga. Dec. 20, 2017).

## I. SCREENING OF THE AMENDED COMPLAINT

Plaintiff names as Defendants (1) Laurens County Sheriff Department; (2) Daniel Lampp; (3) Wilson Bush; (4) Deidre Byrd; (5) Steven Cady; and (6) Sherry Mangum. (Doc. no. 7, pp. 2-5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 29, 2015 at approximately 3:30 p.m., Plaintiff was a passenger in Christopher Smith's vehicle, which Laurens County Sheriff deputies stopped on S. Washington St. in front of RAWL's. (Id. at 7-8.) During the stop, Smith admitted to smoking marijuana and consented to a search of his vehicle. (Id. at 8.) Defendant Lampp searched the vehicle and found "alleged contraband" in the console. (Id.) Despite Smith admitting to Defendant Byrd the contraband was his, Defendant Lampp arrested Plaintiff because he was seated closest to the console. (Id.) After arresting Plaintiff, Defendants Lampp, Byrd, and Cady took Plaintiff to his residence on S. Jefferson St., where they met Defendants Mangum and Bush. (Id.) Defendants conducted a warrantless search of Plaintiff's residence. (Id.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated viable individual capacity claims under § 1983 for violations of the Fourth Amendment, as well as related common law claims for false arrest and imprisonment, against Defendants Lampp, Byrd, Cady, Mangum, and Bush. See Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004) ("A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim."); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (holding plaintiff may maintain § 1983 action for unlawful search even if

2

followed by conviction); Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009) ("A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment."); Townsend v. Coffee Cty., Ga., 854 F. Supp. 2d 1345, 1355 (S.D. Ga. 2011) ("Plaintiff asserts both unreasonable seizure and excessive force claims against Defendant Grantham under § 1983, properly invoking the Fourth Amendment."). In a companion Report and Recommendation, the Court recommends dismissal of Defendant Laurens County Sheriff Department, Plaintiff's claims for injunctive relief, and Plaintiff's official capacity claims against remaining Defendants.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants. The United States Marshal shall mail a copy of the amended complaint (doc. no. 7) and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain

4

facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a

facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a

motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 19th day of March, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA