IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTOR L. CONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-067 |
| | ) | |
| DANIEL LAMPP, Deputy Sheriff; | ) | |
| STEVEN CADY, Deputy Sheriff; | ) | |
| SHERRY MANGUM, Deputy Sheriff; | ) | |
| WILSON BUSH, Deputy Sheriff; and | ) | |
| DEIDRE BYRD, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court on Defendants' unopposed motion to stay discovery pending the Court's ruling on Defendants' motion for judgment on the pleadings, (doc. no. 34). For the reasons set forth below, the Court **GRANTS** Defendants' motion to stay. (Doc. no. 35.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendants have moved for judgment as a matter of law as to all claims. (See doc. no. 34.) Furthermore, Plaintiff does not need discovery to respond to Defendants' motion, as a motion for judgment on the pleadings merely tests the legal sufficiency of the complaint. Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008) ("Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.") (citations omitted). When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion for judgment on the pleadings. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendants' motion for judgment on the pleadings. Should this case continue past the motion for judgment on the pleadings, the Clerk of Court shall issue a Scheduling Notice setting deadlines for the case, including a full discovery period.

SO ORDERED this 30th day of July, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA