IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTOR L. CONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-067 |
| | ) | |
| DANIEL LAMPP, Deputy | ) | |
| Sheriff; STEVEN CADY, Deputy Sheriff; | ) | |
| SHERRY MANGUM, Deputy Sheriff; | ) | |
| WILSON BUSH, Deputy Sheriff; and | ) | |
| DEIDRE BYRD, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* in this case brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for judgment on the pleadings be **GRANTED**, (doc. nos. 34, 47), and Defendants Lampp, Cady, Mangum, Bush, and Byrd be **DISMISSED** from this case. As no Defendants or claims remain, the Court further **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action **CLOSED**.

## I. BACKGROUND

In his amended complaint, Plaintiff names as Defendants (1) Daniel Lampp, (2) Steven Cady, (3) Sherry Mangum, (4) Wilson Bush, and (5) Deidre Byrd. (Doc. no. 7, pp. 2-5.) Taking all of Plaintiff's factual allegations as true, the facts are as follows.

On October 29, 2015, at approximately 3:30 p.m., Plaintiff was a passenger in Christopher Smith's vehicle, which Laurens County Sheriff deputies stopped on South Washington Street. (Id. at 7-8.) During the stop, Smith admitted to smoking marijuana and consented to a search of his vehicle. (Id. at 8.) Defendant Lampp searched the vehicle and found contraband in the console. (Id.) Smith admitted to Defendant Byrd the contraband was his and was illegal. (Id.) Defendant Lampp arrested Plaintiff because he was seated closest to the console. (Id.) After arresting Plaintiff, Defendants Lampp, Byrd, and Cady took Plaintiff to his residence on South Jefferson Street, where they met Defendants Mangum and Bush. (Id.) Defendants conducted a warrantless search of Plaintiff's residence. (Id.)

On May 15, 2018, the Court dismissed Plaintiff's claims against Laurens County Sheriff's Office and allowed to proceed Plaintiff's individual capacity claims under § 1983 for violations of his Fourth Amendment rights, and related common law claims for false arrest and imprisonment. (Doc. no. 18.) On May 21, 2018, Defendants filed the present motion for judgment on the pleadings. (Doc. nos. 34.) Defendant then filed a separate request for a ruling on the motion, docketed erroneously as a second motion for judgment on the pleadings. (Doc. no. 47.) Plaintiff failed to respond to Defendants' motion despite the Court giving him two extensions to file a response. (Doc. nos. 39, 43.)

## II. DISCUSSION

### A. Legal Standard for Dismissal

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation omitted). "We accept as true all material facts alleged in the non-moving party's pleadings, and we view those facts in the

2

light most favorable to the non-moving party." Id. As a motion for judgment on the pleadings under 12(c) and a motion to dismiss under 12(b)(6) are almost identical in form and relief, courts apply the same legal standard in assessing both motions. See Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc., 173 F. Supp. 3d 1324, 1327 (N.D. Ga. 2016) ("The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6).") (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

Under the Rule 12(b)(6) standard, the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that

3

the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Cannot Assert a Fourth Amendment Claim for the Warrantless Search of His Home Because the Conditions of his State Probation Allowed Warrantless Searches

Plaintiff claims Defendants violated his Fourth Amendment right against unlawful search and seizure by searching his home and confiscating money and other articles without a warrant. (Doc. no. 7.) Attached to Defendants' Answer, however, is a certified copy of a Final Disposition dated November 17, 2008, signed by Plaintiff and a Laurens County, Georgia Superior Court Judge, imposing a sentence of fourteen years of imprisonment followed by twenty years of probation with respect to four felony counts to which Plaintiff pled guilty. The Final Disposition imposes the following General Condition of Probation: "20. Defendant shall submit to a search of his/her person, vehicle, residence and property, with or without a warrant at any time such request is made by the probation staff, city, county, or state law enforcement officer and specifically consents to the use of anything seized as evidence in a proceeding to revoke or discipline said defendant." (Doc. no. 33-1, p. 2.)

The Court takes judicial notice of the Final Disposition because it is a public record "not subject to reasonable dispute" and "'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" Horne v. Potter, 392 F. Appx. 800, 802 (11th Cir. 2010) (quoting Fed. R. Eid. 201(b)); see Plotkin v. United States, No. 5:08-

4

CV-252-OC-10GRJ, 2011 WL 1103469, at *1 (M.D. Fla. Mar. 24, 2011), aff'd, 465 F. Appx 828 (11th Cir. 2012) (taking judicial notice of indictment and judgment of conviction in criminal case); see also McDowell Bey v. Vega, 588 F. App'x 923, 926-27 (11th Cir. 2014) (allowing review of docket sheet in underlying criminal case showing existence of arrest warrants); Long v. Slaton, 508 F.3d 576, n.3 (11th Cir. 2007) (allowing review of state agency record submitted by plaintiff in opposition to defendant's motion to dismiss).

Plaintiff alleges Defendants are Laurens County deputies who conducted the warrantless search of his home on October 29, 2015. (Doc. no. 7, p. 8.) At that time, however, Plaintiff was serving the term of probation specified in the Final Disposition, condition 20 of which allowed warrantless searches of Plaintiff's home by county law enforcement officers. (Doc. no. 33-1, p. 2.) Probationers have a diminished expectation of privacy. United States v. Williams, 650 F. App'x 977, 978-79 (11th Cir. 2016) (citing Owens v. Kelley, 681 F.2d 1362, 1367-68 (11th Cir. 1982). Warrantless searches of a probationer's home without a warrant or reasonable suspicion do not violate the Fourth Amendment when authorized by a condition of probation. Id. A condition of probation permitting warrantless searches of a person does not violate the Fourth Amendment. Owens, 681 F.2d at 1368. For these reasons, Plaintiff's § 1983 claim based on the warrantless home search and seizure fails as a matter of law.

**C. Plaintiff Fails to State § 1983 Claims for False Arrest and False Imprisonment Because the Amended Complaint Establishes Probable Cause for Plaintiff's Arrest By Alleging Plaintiff was Seated In Close Proximity to the Illegal Contraband**

Plaintiff alleges Defendants violated his constitutional rights by subjecting him to false arrest and false imprisonment. Plaintiff fails to state a valid claim on these grounds. "A

5

warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Id. at 1526. The existence of probable cause is a bar to § 1983 claims based on false arrest and false imprisonment. Ortega, 85 F.3d at 1525-26. A law enforcement officer has probable cause to effectuate an arrest if the facts and circumstances would cause a prudent person to believe an individual has committed, is committing, or is about to commit an offense. Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990).

Plaintiff alleges Defendant Lampp found contraband inside a console of the car, and Christopher Smith, the driver, admitted to the arresting officers the contraband was illegal. (Doc. no 7, p. 8.) Even though Mr. Smith claimed the contraband was his property, the amended complaint alleges Defendant Lampp arrested Plaintiff because he was sitting "closest to the console." (Id.) The Supreme Court has held probable cause to exist where the occupants of a vehicle could reasonably have had knowledge of and exercised dominion and control over contraband. See Maryland v. Pringle, 540 U.S. 366, 371-72 (2003) (finding probable cause to effect arrest all occupants in car where cocaine found in backseat armrest accessible to all occupants); see also U.S. v. Major, 341 F. App'x 549, 550-51 (11th Cir. 2009) (finding probable cause to arrest passenger of vehicle who had access to contents of duffle bag even though confidential informant identified driver of vehicle as drug dealer). Because the facts alleged by Plaintiff establish probable cause to arrest him under Pringle and Major because of his proximity to the illegal contraband, Plaintiff has failed to state a § 1983 claim for false arrest and false imprisonment.

6

### D. Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any state law claims, those claims should be dismissed without prejudice. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. (emphasis added).

A district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction . . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake . . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Because the § 1983 claims giving rise to original federal jurisdiction fail to state a claim upon which relief may be granted, the Court will not retain jurisdiction over any potential state law claims, and any such claims should be dismissed without prejudice. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for judgment on the pleadings be **GRANTED**, (doc. nos. 34, 47), Plaintiff's § 1983 claims for warrantless search and seizure, false arrest, and false imprisonment be **DISMISSED WITH PREJUDICE**, any remaining state law claims be **DISMISSED WITHOUT PREJUDICE**, and Defendants Lampp, Cady, Mangum, Bush, and Byrd be **DISMISSED** from this case. As no Defendants or claims remain, the Court further **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of October, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA